Kenneth D. **BARNEY** and Madeline L. Barney, Appellants,

v.

**UNITED STATES of America, Charles A. Smith, Special Agent of the Internal Revenue Service, Appellees.**

No. 77–1652.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1978.

Decided Jan. 16, 1978.

Kenneth D. Barney, pro se.

Madeline L. Barney, pro se.

David V. Vrooman, U.S. Atty., Sioux Falls, S.D., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Carleton D. Powell and William A. Whitledge, Attys., Tax Division, Dept. of Justice, Washington, D.C., for appellees.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This is an appeal from an order directing enforcement of an Internal Revenue Service (IRS) summons. In the course of an investigation to determine the income tax liability of Kenneth and Madeline Barney for the year 1975, the IRS issued a summons to Gordon Dretsch, Vice President of Custer County Bank, Custer, South Dakota. The summons required him to appear, give testimony relating to the Barneys' tax liability, and bring specified records and papers pertaining to the Barneys' checking and savings accounts, safety deposit boxes, and loans. Dretsch refused to obey the summons without a court order, and this enforcement proceeding followed.

The Barneys intervened and asserted legal and philosophical arguments against the

enforcement of the summons and the imposition of federal income taxes. After a hearing the district court entered a memorandum opinion and ordered that the summons be enforced. It found that the summons was issued for a legitimate purpose, that the items sought were relevant to that purpose, that the information sought was not already in the Commissioner's possession, and that any administrative steps required by the Internal Revenue Code had been followed. The court concluded that the government had made the required *prima facie* showing and that the Barneys had not established any reason for the district court's not ordering enforcement. The court also considered and rejected the Barneys' philosophical arguments.

On November 21, 1977, after all briefs on appeal had been received, the government moved to dismiss for mootness. The motion alleges that Dretsch and the Custer County Bank have complied fully with the district court's order and the terms of the summons. Because of the bank's full compliance, the government contends that there is no live controversy and the case is moot. In their opposition to the motion, the Barneys admit that the IRS did obtain the bank records, but argue that the government should not be able to deny them an appeal by obtaining their records unlawfully and mooting the controversy.[1]

Since the bank records have already been turned over to the IRS, we find that the question of whether the bank should be required to turn over the records is moot. *See Kurshan v. Riley*, 484 F.2d 952 (4th Cir. 1973); *United States v. Lyons*, 442 F.2d 1144 (1st Cir. 1971); *United States v. Carpenter*, 425 F.2d 264 (5th Cir. 1970).

This appeal is therefore dismissed.

---

1. In an unpublished order this court dismissed as moot another appeal by the Barneys from an order enforcing an Internal Revenue Service summons directed to another bank. *See United States v. Raabe*, No. 77–1458 (8th Cir., filed Oct. 11, 1977).