**UNITED STATES of America and John L. Osborn, Special Agent of the Internal Revenue Service, Petitioners-Appellees,**

v.

**FIRST NATIONAL BANK OF STURGIS, SOUTH DAKOTA, and Jerry Malcolm, Assistant Manager, Respondents,**

**Kenneth Beug, Intervenor-Appellant.**

No. 78–1428.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 20, 1978.

Decided Nov. 27, 1978.

Kenneth B. Beug, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay and Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D. C. and David V. Vrooman, U. S. Atty., Sioux Falls, S. D., on brief, for petitioners-appellees.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal by an intervenor-taxpayer from an order directing enforcement of an Internal Revenue Service summons. The summons directed a bank and its assistant manager to appear and produce records pertaining to the tax liability of Kenneth B. and Jeannie C. Beug. Beug urged below and on appeal that the Internal Revenue Service agent investigating his tax liability did not follow Section 263 of the Internal Revenue Handbook for Special Agents, which he claims requires the agent to attempt to obtain information voluntarily from the taxpayer prior to issuing a summons. He also contended below that the summons was issued in bad faith and solely for criminal purposes. The district court found, *inter alia*, that the summons was issued in good faith and not solely for the

purpose of gathering evidence to support a criminal prosecution.

After both parties had filed briefs, the United States suggested the appeal be dismissed as moot because the bank had fully complied with the summons and the district court order. Beug does not dispute the fact that the order has been carried out, but argues that the issues he seeks to present should nevertheless be decided. Since the records summoned have already been given to the Internal Revenue Service, a decision by this court on the question of whether the summons should have been ordered enforced could have no practical effect. The case is therefore moot. *See Barney v. United States*, 568 F.2d 116 (8th Cir. 1978); *United States v. Hankins*, 565 F.2d 1344, 1350 (5th Cir. 1978); *Kurshan v. Riley*, 484 F.2d 952 (4th Cir. 1973); *United States v. Lyons*, 442 F.2d 1144 (1st Cir. 1971).

The appeal is therefore dismissed as moot and the case is remanded to the district court with directions to vacate its order and dismiss the action without prejudice.