604 F.2d 29
 79-2 USTC P 9536
 CA 79-3115 UNITED STATES of America and Donald E. Merrill,
Agent of the Internal Revenue Service; Lee
Groskopf, Manager, First National Bank
of the Black Hills, Appellees,
v.
Robert C. OLSON, Appellant.
 No. 79-1268.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 9, 1979.
Decided Aug. 17, 1979.
 
 Robert C. Olson, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart and Philip I. Brennan, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Robert D. Hiaring, U. S. Atty., Sioux Falls, S. D., on brief, for appellees.
 Before HEANEY, ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the United States District Court for the District of South Dakota, filed March 21, 1979, enforcing an Internal Revenue summons.
 
 
 2
 Donald E. Merrill, an Internal Revenue Agent of the Internal Revenue Service, was assigned to conduct an investigation into the civil income tax liability of Robert C. Olson (hereinafter taxpayer) for the year 1977. In that investigation, Agent Merrill issued an Internal Revenue summons to Lee Groskopf, Manager, First National Bank of Black Hills, Robbinsdale Branch, directing Mr. Groskopf to appear before him on November 22, 1978, to give testimony and to produce bank records relating to taxpayer. The books, papers, records, and other data sought by the summons were described with reasonable particularity, were not already in the possession of the Internal Revenue Service, and were deemed necessary to the investigation of taxpayer's federal tax liability for the year 1977. At the time the summons was issued, Agent Merrill had not made any recommendation that taxpayer be prosecuted for any matter connected with the investigation, and the Internal Revenue Service did not abandon, in an institutional sense, its pursuit of taxpayer's civil tax liabilities. By letter dated November 6, 1978, taxpayer gave written notice to Groskopf and the bank not to comply with the summons.
 
 
 3
 To obtain compliance with the summons, the United States and Agent Merrill, on January 17, 1979, instituted the instant proceeding to obtain an order enforcing the summons. On January 18, 1979, the district court issued a show cause order to the bank requiring it to explain, with specificity, why the summons should not be enforced. On March 21, 1979, the district court allowed taxpayer to intervene and on the same date, following the denial of the various motions, ordered the summons enforced. On March 23, 1979, taxpayer filed a notice of appeal from the order directing Lee Groskopf to comply with the summons,[1] and a motion for a stay pending appeal. The stay was denied by the district court on March 26, 1979. Subsequently, on March 29 and April 11, 1979, the documents described in the instant summons were turned over to Agent Merrill, thus completing compliance with the summons.[2]
 
 
 4
 Since the summons had been complied with, the instant case is in the same posture as was United States v. Toy National Bank, No. 79-1260 (8th Cir. June 22, 1979) (unpublished slip opinion), in which this court ruled:
 
 
 5
 The United States has suggested that the appeal be dismissed as moot because the bank has fully complied with the IRS summons and the court order. Appellant does not dispute the fact that the order has been carried out, but argues that the issues it raises should nevertheless be decided. Because the records summoned have already been given to the IRS a decision by this court on the question whether the summons should have been ordered enforced could have no practical effect. The case is therefore moot. See, e. g., United States v. First Natl. Bank of Sturgis, S. D., 587 F.2d 909, 910 (8th Cir. 1978); Barney v. United States, 568 F.2d 116, 117 (8th Cir. 1978).
 
 
 6
 Although it is clear the case is moot, we nevertheless have considered taxpayer's claims on appeal and we agree with the district court's holding.
 
 
 7
 In closing, the government suggests that instead of simply dismissing the appeal, we dismiss the appeal and vacate the order enforcing the summons to prevent the "spawning (of) any legal consequences" by the enforcement order. Citing Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966); United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); United States v. Lyons, 442 F.2d 1144 (1st Cir. 1971). The government argues this course would leave the affected parties free to challenge the introduction of the summoned and produced materials at any subsequent proceeding, either civil or criminal. This is a matter that should in the first instance be presented to the district court and thus, though we dismiss the appeal, we remand the case to the district court, so that upon proper motion by the government or on its own motion, the court can consider vacation or modification of its order.
 
 
 8
 It is so ordered.
 
 
 
 [1]
 Taxpayer did Not note an appeal from the other orders entered on March 21 by the district court
 
 
 [2]
 While taxpayer did not appeal the denial of a stay pending appeal by the district court, the documents were turned over to the IRS agent Before the time in which taxpayer might have filed such an appeal or sought a stay from this court. This procedure, which thwarted taxpayer's opportunity for redress, should not be followed in the future