619 F.2d 707
 80-1 USTC P 9336
 UNITED STATES of America and Donald E. Merrill, Agent of the
Internal Revenue Service, Appellees,
v.
Lee GROSKPH, Manager, First National Bank of the Black
Hills, Robinsdale Branch, Robert C. Olson, Appellant.
 No. 79-1961.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 26, 1980.
Decided March 5, 1980.
 
 Robert C. Olson, pro se.
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Philip I. Brennan, Attys., Tax Division, Dept. of Justice, Washington, D. C. and Terry L. Pechota, U. S. Atty., for appellees.
 Before HEANEY, ROSS and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In United States v. Olson, 604 F.2d 29 (8th Cir. 1979), this court held taxpayer-intervenor's attack on an IRS summons was moot because the district court had on March 21, 1979, ordered enforcement, and the bank had fully complied with the summons and district court order. Id. at 31, citing United States v. Toy National Bank, No. 79-1260 (8th Cir. June 22, 1979) (unpublished slip opinion); United States v. First National Bank of Sturgis, S. D., 587 F.2d 909, 910 (8th Cir. 1978); Barney v. United States, 568 F.2d 116, 117 (8th Cir. 1978). This court added that it had considered taxpayer's claims on appeal and agreed with the district court's holding.
 
 
 2
 The government suggested that this court vacate the order enforcing the summons to prevent the spawning of legal consequences by enforcement and to leave the parties free to challenge the introduction of the summoned and produced materials at any subsequent civil or criminal proceeding, citing Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971), United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), and United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); United States v. Lyons, 442 F.2d 1144 (1st Cir. 1971). Because of our belief that the matter should be presented to the district court first, we remanded.
 
 
 3
 Upon remand the government moved to vacate the order enforcing the summons; the court vacated its order of March 21, 1979. The taxpayer then filed this appeal following denial of various post judgment orders.
 
 
 4
 We find the instant appeal is totally without merit. First, the order we are asked to review was approved in the earlier decision of this court and the case was remanded solely to allow the district court to consider the entry of such an order. Second, although this court dismissed the attack on the summons as moot in the first appeal, we considered taxpayer's claims and agreed with the holding of the district court. Third, and most important, the order entered which is the subject of this appeal is to taxpayer's benefit, because it leaves him free to challenge the introduction of the materials obtained pursuant to the summons in any future proceedings. Therefore, the appeal should be and hereby is dismissed.
 
 
 5
 It is so ordered.