**UNITED STATES of America and Special Agent Thomas M. Williams, Internal Revenue Service, Petitioners–Appellees,**

v.

**Frederick A. PATMON, Respondent–Appellant,**

**James S. Meredith, Intervenor–Appellant.**

**No. 75–2246.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 12, 1980.

Decided Sept. 16, 1980.

Stanley R. Kirk, Detroit, Mich., for Patmon.

James B. Feaster, Hallison H. Young, Detroit, Mich., for Meredith.

Philip Van Dam, U. S. Atty., Saul A. Green, Asst. U. S. Atty., Detroit, Mich., Joseph M. Gontram, Scott P. Crampton, Gilbert E. Andrews, M. Carr Ferguson, Charles E. Brookhart, William A. Whitledge, U. S. Dept. of Justice, Tax Division, Washington, D. C., for petitioners–appellees.

Before LIVELY and JONES, Circuit Judges, and LAMBROS, District Judge.*

PER CURIAM.

Frederick Patmon appeals an order which requires him to comply with a United

* Honorable Thomas D. Lambros, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

States Government Internal Revenue Service summons to appear before an Internal Revenue agent and to provide certain tax records of James S. Meredith. The district court permitted Meredith to intervene.

After extensive hearings, Judge Feikens issued an order enforcing the summons on July 23, 1975, from which Patmon and the intervenor appeal. Because there is no issue or controversy left in this case, we vacate the court's order and remand to the district court to dismiss as moot.

## I.

The Internal Revenue Service began an investigation of the income tax liability of James S. Meredith for the calendar years 1968 through 1972. Special Agent Williams determined that the professional agency headed by Mr. Patmon had prepared Meredith's tax returns. Special Agent Williams issued a summons to Patmon pursuant to 26 U.S.C. § 7602, to appear before him to testify and produce certain books, records, and papers pertaining to Meredith's returns. In a series of letters to Agent Williams, Patmon refused to comply because of various constitutional and statutory objections.

On January 14, 1975 the United States and Special Agent Williams petitioned in district court for enforcement pursuant to U.S.C. §§ 7402(b) and 7604(a) seeking to have Mr. Patmon show cause why he should not comply with and obey the summons. Judge Feikens issued an order to show cause on January 24, 1975.

Agent Williams testified at the show cause hearing that he investigated Meredith for violations of the tax laws, that this investigation could lead to a criminal prosecution, but that he had not decided to recommend criminal prosecution. Agent Williams also testified that he began his investigation because of reports that Meredith was spending large amounts of money. He testified at the hearing that he had contacted the Detroit Police, the telephone company, and conducted a car surveillance of Meredith. He also testified about contacts with the Organized Crime Strike Force and the State of Michigan.

Judge Feikens found that the summons was issued with a proper purpose and that plaintiff's other claims were meritless in a bench opinion issued April 4, 1975. The district court issued an order on January 21, 1976 commanding Mr. Patmon's appearance before Agent Williams on January 22, 1976.

Patmon complied with this order to the satisfaction of Agent Williams and the United States. Agent Williams recommended that Meredith be criminally prosecuted, but, on October 5, 1978, the tax division declined prosecution. On July 30, 1976, the Commissioner issued a statutory notice of deficiency based upon that determination. Meredith has petitioned to the tax court to redetermine his tax liability. The agency claims it has no interest in obtaining further information pursuant to this summons.

## II.

If no live controversy exists, an appeal should be dismissed as moot. *Kentucky West Virginia Gas Co. v. Oil, Chemical and Atomic Workers Int'l. Union*, 549 F.2d 407, 411 (6th Cir. 1977); *Troy v. Shell Oil Co.*, 519 F.2d 403 (6th Cir. 1975). In general a case is moot if the party has complied with a summons. *Cf. Barney v. United States*, 568 F.2d 116 (8th Cir. 1978) (Intervenor's claim that government should not be able to make a claim moot by "illegally" obtaining records is found to be without merit). This is consistent with the Article III prohibition against federal courts issuing advisory opinions. The government is seeking no further action on the part of Patmon and the issues raised by taxpayer are similarly no longer at issue given the government's decision not to attempt prosecution. Therefore, we hold that the compliance with the summons makes moot [1] this appeal.

---

1. The government filed a motion to dismiss the appeal as moot. By order of November 17, 1968, this Court denied the motion without prejudice to the presentation of this matter at a full hearing.

The government argues that this order should be vacated so that "a judgment, unreviewable because of mootness, ... [will have no] legal consequence." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950). We agree.

Accordingly, we vacate this order and remand to the district court to dismiss this case as moot.