Charles CUNNINGHAM, Plaintiff,

v.

The FEDERAL BUREAU OF INVESTI-
GATION, et al, Defendants.

Civ. A. No. C78–486.

United States District Court,
N. D. Ohio, E. D.

March 18, 1981.

Richard L. Aynes, Akron, Ohio, for plain-
tiff.

Patrick M. McLaughlin, Asst. U. S. Atty.,
Cleveland, Ohio, for defendant.

**2**

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel disclosure of information held by the Federal Bureau of Investigation (FBI). The issue before the Court is whether the defendants may refuse to comply with plaintiff's FOIA request based on Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) and 552(b)(7)(C). Defendants have taken the position that no search will be conducted of any files relating to anyone other than the requester, without written notarized authorization of the third party.

### 1. Exemption 6

■ This exemption protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It refers to "intimate details" of a "highly personalized nature" relating to specific individuals, *Getman v. NLRB*, 450 F.2d 670, 675, *stay den.*, 404 U.S. 1204, 92 S.Ct. 7, 30 L.Ed.2d 8 (1971), and only protects such information from *clearly unwarranted* invasions of personal privacy. The phrase "clearly unwarranted" compels a balancing test between the individual's right to privacy and the public's right to government information. *Id.* at 677 n. 24.

The record in this case reveals that Exemption 6 was relied upon as authority to withhold information concerning individuals other than the requester. There is no indication that this information is contained in "personnel or medical files or similar files", or that it consists of "intimate details of a highly personalized nature" for any particular document, as required by FOIA. Upon this showing, the Court cannot sustain the defendants' assertion of Exemption 6.

Moreover, defendants' showing that any invasion of privacy that might result from disclosure would be clearly unwarranted is insufficient. Defendants merely assert that the mention of an individual in an FBI file has negative connotations. This bare statement does not provide the Court with enough information to perform the balancing test required by *Getman, supra,* and does not therefore sustain defendants' burden. Public disclosure of the fact that certain persons have been the subject of FBI investigations or that other persons have associated with the subject(s) of such investigations could cause them considerable embarrassment and, perhaps, harassment. However, whether that constitutes a clearly unwarranted invasion of their privacy is dependent upon each individual case. The Court, therefore, orders that defendants submit the requested files for *in camera* inspection.

■ Many of the individuals about whom the plaintiff seeks information are police officers. The Court does not believe that any denial of information concerning police officers can be justified under either exemption as an unwarranted invasion of their privacy. Their involvement in law enforcement activities is not a "private fact". Absent some showing that disclosure would endanger their safety and, thus that Exemption 7(F) applies, defendants must produce these documents. See *Ferguson v. Kelley*, 448 F.Supp. 919 (N.D.Ill.1977).

### 2. Exemption 7(C)

■ Exemption 7(C) of the FOIA permits the withholding of "investigatory records compiled for law enforcement purposes, . . . to the extent that the production of such records would . . . (c) constitute an unwarranted invasion of personal privacy." Defendants have made no showing that the files withheld are "investigatory records compiled for law enforcement purposes."

The legislative purpose for Exemption 7 was to prevent premature disclosure of files "prepared in connection with related Government litigation and adjudicative proceedings." H.R.Rep.No.1497, 89th Cong., 2d Sess. at 11, U.S.Code Cong. & Admin.News 1966, pp. 2418, 2428. The question then is whether the documents requested relate to an enforcement proceeding. It has been ten years since the events referred to in plaintiff's FOIA request. If any legal actions are still pending or contemplated

against these individuals, defendants are ordered to so indicate and provide the Court with a *Vaughn* index (*Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), of those files.

IT IS SO ORDERED.