652 F.2d 752
 81-2 USTC P 9625
 UNITED STATES of America and Donald J. Wandler, Revenue
Agent of the Internal Revenue Service, Appellees,
v.
EQUITY FARMERS ELEVATOR, through Don Wagner, Manager; and
Benedict Farmers Elevator, through Ray Wenger,
Manager; Robert O. Olson, Appellant.
 No. 81-1315.
 United States Court of Appeals,
Eighth Circuit
 .
Submitted June 26, 1981.
Decided July 1, 1981.
 
 James S. Hill, Asst. U. S. Atty., Bismarck, N. D., and John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Chief Appellate Section, Tax Division, Dept. of Justice, Washington, D. C., for appellees.
 Robert O. Olson, pro se.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States through Internal Revenue Agent Donald J. Wandler sought enforcement of Internal Revenue summonses, pursuant to 26 U.S.C. §§ 7604(a) and 7402(b), directed to respondents, Equity Farmers Elevator and Benedict Farmers Elevator, to obtain records of transactions with Robert O. Olson for the purpose of determining the federal income tax liability of Olson for 1977-1979. Following a show cause order issued by the district court[1] to respondents December 18, 1980, a timely motion to intervene and motion to dismiss for lack of jurisdiction filed by Olson January 12, 1981, an order of January 30, 1981, overruling and denying Olson's jurisdictional challenge, and a show cause hearing held January 30, 1981, the district court on February 20, 1981 ordered the summonses enforced and directed the respondents to comply no later than March 15, 1981. On March 10, 1981 Olson sought a stay pending appeal, but before the time for a response to the stay motion elapsed and on March 13 the respondents complied and the district court thereafter held the motion for stay had become moot. Olson filed the instant appeal, and the government has filed its motion to dismiss the appeal as moot.
 
 
 2
 Since all the summoned records have now been produced, there is nothing left to litigate on appeal.[2] The appeal is moot. United States v. City Bank & Trust, No. 81-1081 (8th Cir. April 27, 1981); United States v. First National Bank, 587 F.2d 909 (8th Cir. 1978); Barney v. United States, 568 F.2d 116 (8th Cir. 1978). The cause is remanded to the district court with directions to vacate its enforcement order and dismiss the proceedings. Great Western Sugar Co. v. Nelson, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979); United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); United States v. City Bank & Trust, No. 81-1081 (8th Cir. April 27, 1981).
 
 
 
 [1]
 The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota
 
 
 [2]
 If the government wants additional materials, these materials should be sought by additional summonses