**UNITED STATES of America, Plaintiff-Appellee,**

v.

**CLEVELAND ELECTRIC ILLUMINATING CO., Defendant-Appellant.**

**No. 81–3159.**

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1982.

Decided Sept. 14, 1982.

---

Kenneth B. Stark, Thomas H. Barnard, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant-appellant.

Mark D. Katz, U.S. Dept. of Labor, Cleveland, Ohio, Charles T. Hadden/Andrea Casson, Thomas L. Holzman, Randy S. Rabinowitz, U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, MARTIN, Circuit Judge and TUTTLE,* Senior Circuit Judge.

PER CURIAM.

Cleveland Electric Illuminating Company (C.E.I.) appeals from a judgment entered in the United States District Court which upheld an inspection warrant issued by a federal magistrate for the employment of air sampling devices to test the presence of asbestos fibers in the air at appellant's plant in Ashtabula, Ohio. The warrant at issue provided as follows:

> IT IS HEREBY ORDERED that pursuant to section 8(a) of the Occupational Safety and Health Act of 1970 (29 U.S.C. 651 *et seq.*), hereinafter referred to as the Act, YOU OR YOUR DULY DESIGNATED REPRESENTATIVES ARE AUTHORIZED to enter the above-described premises during regular working hours or at other reasonable times, and to inspect and investigate in a reasonable manner and to a reasonable extent, the workplace or environment where work is performed by employees of the employer and all pertinent conditions, structures, machines, apparatus, devices, equipment, materials and all other things in so far as they relate to employee exposure to asbestos in the soot blowing, the "sand and feathers" and the furnace repair operations; the processes relating to insulation of tubes in the upper boiler section in Plants A, B and C and the overhaul and re-insulating of turbines. The inspection may include taking personal breathing zone samples from employees by attaching air-sampling devices onto employees. In addition, the compliance officer(s) may view records, files, papers, processes, controls and facilities, and question privately any employee bearing on whether this employer is furnishing to its employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical injuries to its employees due to exposure to asbestos.

After the issuance of the warrant, inspectors from the Occupational Safety and Health Administration of the U.S. Department of Labor arrived at the plant in question to conduct the search called for by the warrant. While the inspectors were admitted to the plant and were allowed to take area and grab samples, they were not permitted to take personal breathing samples by attaching air sampling devices to C.E.I. employees. This procedure had been specifically authorized by the warrant, but C.E.I. alleged that attachment of the samplers conflicted with a company safety rule. The Company promptly moved the U.S. District Court for the Northern District of Ohio for a preliminary injunction, to quash warrant, and to suppress evidence. The Secretary responded by filing an application for adjudication in civil contempt.

After a hearing, the District Judge denied the preliminary injunction and upheld the issuance of the warrant, finding the attachment of personal air sampling devices reasonable and within OSHA's authority.

* Honorable Elbert P. Tuttle, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

He also overruled the Secretary's application for adjudication in civil contempt but ordered C.E.I. to comply with the inspection warrant "as it relates to the use of the air sampling device exhibited at the hearing within 30 days of this order."

C.E.I. appealed to this court the denial of its motion and moved the District Court for a stay pending appeal. The stay pending appeal was formally denied by the District Court. The Company thereafter permitted the inspection to proceed by allowing attachment of the air sampling devices. The inspections were completed, and no citations were issued against C.E.I. for violation of air quality standards.

At the outset of this appeal, we are confronted with the question of whether or not this controversy is moot. Because the warrant was fully executed, with no citations issued, we believe the case is moot and that the appeal should be dismissed upon this ground. *See United States v. Patmon,* 630 F.2d 458 (6th Cir. 1980).

We reject C.E.I.'s contention that this case falls within the exception to the mootness doctrine for cases "capable of repetition, yet evading review." *See Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Southern Pacific Terminal Co. v. I.C.C.,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). While the issues presented here may be capable of repetition, they do not necessarily evade review. C.E.I. could have appealed to this court the denial of its motion for a stay. Moreover, C.E.I. could have refused to comply with the order, thereby risking civil contempt but preserving the issues for appellate review. *See United States v. Kis,* 658 F.2d

526 (7th Cir. 1981), *cert. denied, Salkin v. United States,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); *United States v. Arthur Andersen & Co.,* 623 F.2d 720, 725 (1st Cir.), *cert. denied,* 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980); *Babcock & Wilcox Co. v. Marshall,* 610 F.2d 1128 (3d Cir. 1979). *See also United States v. Patmon, supra.* In the absence of employment of these legal remedies, we think mootness applies.[1]

In accordance with the above, the District Court's order is vacated so that "a judgment unreviewable because of mootness ... will have no legal consequences." *United States v. Munsingwear, Inc.,* 340 U.S. 36, 41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950).

Should the Supreme Court, however, disagree with our disposition of the mootness issue, we express our opinion on the merits in the interest of expediting this litigation. We believe District Judge White properly analyzed C.E.I.'s challenge to the inspection warrant and with one exception[2] would affirm his judgment on the merits for the reasons set forth in his memorandum.

---

1. We have no trouble distinguishing this appeal from *United States v. New York Telephone Co.,* 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), in which the Supreme Court found not moot a telephone company's challenge to a court order directing the utility to assist the FBI in installing pen register devices, despite the company's compliance with the order. Unlike that needed for criminal search warrants, the probable cause underlying this type of OSHA inspection warrant is unlikely to become stale if a stay were granted or the warrant not complied with. Thus the staleness concern un-

derlying the decision in *New York Telephone* is not present in this case.

We also note the Secretary's recent interpretative ruling and proposed rulemaking that expressly permit the use of personal samplers. 47 Fed.Reg. 6530 (Feb. 12, 1982). This interpretative note and the proposed amendment, if adopted, may alter future challenges to the sampling device issue, making questionable whether this issue is capable of precise repetition.

2. Our review does not show that the warrant violated any company rule.