UNITED STATES of America and Frank C. Lavia, Jr., Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

FIRST FAMILY MORTGAGE CORP., and Joan Zirzow, Customer Service Officer, Respondents.

Dan Krauth, Intervening Appellant.

No. 83–1762.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1984.

Decided July 27, 1984.

---

Michael L. Pritzker, Ltd., Chicago, Ill., for respondents.

Bruce R. Ellisen, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for petitioners-appellees.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and REYNOLDS, District Judge.*

BAUER, Circuit Judge.

Taxpayer Dan Krauth (taxpayer) sought to reinstate the government's summons enforcement proceeding in the district court against First Family Mortgage Corporation (First Family) after the district court granted the government's motion to dismiss the proceeding. The district court denied the taxpayer's motion and he appealed. We dismiss this appeal as moot.

---

* The Honorable John W. Reynolds, Chief Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

1. The taxpayer apparently received no notice of the enforcement proceeding before he received, on October 28, 1982, a copy of the Rule to Show Cause. The government's counsel at oral argu-

I

On August 25, 1982, the Internal Revenue Service issued a summons to First Family in connection with an IRS investigation of the taxpayer's tax liability. The summons requested information concerning the taxpayer's transactions with First Family for December 1977 through January 1982. Because the IRS initially determined that First Family was a third-party recordkeeper as defined in 26 U.S.C. § 7609(a)(3) (1976), the IRS served notice of the summons on the taxpayer as required by that statute. On August 30, 1982, the taxpayer sent written notice to First Family not to comply with the summons. That notice automatically stayed compliance with the summons. 26 U.S.C. § 7609(b)(2) (1976). On September 7, 1982, First Family submitted the requested documents to the IRS under seal.

On October 13, 1982, the IRS filed a petition to enforce the summons in the district court. The court issued to First Family on October 20, 1982, a Rule to Show Cause why First Family should not comply with the summons and set November 24, 1982, as the return date for the Rule. On October 21, 1982, the IRS determined that First Family was not a third-party recordkeeper and that the summons thus no longer required judicial enforcement. On November 2, 1982, Assistant United States Attorney Edward Moran advised the taxpayer's counsel by telephone that the petition had been filed, a Rule to Show Cause had been issued, the IRS had determined that First Family was not a third-party recordkeeper, and the government would move to dismiss the enforcement petition when written instructions were received from the IRS.[1] On November 8, 1982, the

ment stated that he was uncertain how the taxpayer learned of the order, for he had no knowledge that the government had served notice on the taxpayer. Section 7609 does not require, however, that the government inform the taxpayer of its enforcement proceeding, but rather only of its original summons to a third-party recordkeeper. We have difficulty accepting the argument that the taxpayer would be surprised

government filed a notice of dismissal in the district court. On November 9, 1982, the district court dismissed the enforcement petition.

Although 26 U.S.C. § 7609(b)(1) (1976) grants the taxpayer "the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604," [2] the taxpayer never filed a motion to intervene under Rule 24, Fed.R.Civ.P. After the November 9 dismissal, however, the taxpayer did file a Rule 41 motion to reinstate the petition and a request for a preliminary injunction. The district court denied the taxpayer's preliminary injunction motion on November 24, 1982, and denied taxpayer's motion to reinstate on April 22, 1983.

In its ruling on the motion for reinstatement, the district court held that because the government had filed its notice of dismissal before any pleadings had been filed by an adverse party, Rule 41 prohibited reinstatement of the case. The court noted that the taxpayer could have avoided the effects of Rule 41 by filing an answer or a motion for summary judgment.

## II

The taxpayer contends that the IRS's unilateral action in determining that First Family was not a third-party recordkeeper as defined in Section 7609 deprived the taxpayer of his right to intervene in the enforcement proceeding. The taxpayer thus urges us to reinstate the enforcement proceeding so that he can challenge the propriety of the summons. The government contends on the other hand that the case is moot because the IRS already has the documents targeted by the summons.

Many courts have held that once the IRS obtains summoned documents, enforcement proceedings become moot. *United States v. Silva & Silva Accountancy Corp.*, 641 F.2d 710, 711 (9th Cir.1981); *United States*

*v. Arthur Andersen & Co.*, 623 F.2d 720, 723 (1st Cir.), *cert. denied*, 449 U.S. 1021, 101 S.Ct. 588, 66 L.Ed.2d 483 (1980); *United States v. Deak-Perera International Banking Corp.*, 610 F.2d 89, 89 (2nd Cir. 1979); *United States v. Olson*, 604 F.2d 29, 31 (8th Cir.1979); *Barney v. United States*, 568 F.2d 116, 117 (8th Cir.1978). *Accord United States v. Kis*, 658 F.2d 526, 532–35 (7th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982) (compliance with handwriting exemplars moots appeal).

In *Arthur Andersen & Co.*, 623 F.2d 720, for example, the IRS served summons on Arthur Andersen, as tax advisor, during an IRS investigation of the taxpayer. Arthur Andersen resisted producing the summoned documents. The district court ordered Arthur Andersen to comply. In addition, the district court and the First Circuit denied Arthur Andersen's motions to stay enforcement of the summons pending appeal. After filing a notice of appeal from the district court order, Arthur Andersen released the summoned documents. The First Circuit thereafter dismissed the case as moot, ruling that compliance with an IRS summons, even in the face of contempt citations, moots an appeal of the enforcement order. 623 F.2d at 725.

Similarly, in *United States v. Kis*, 658 F.2d 526, the taxpayer himself complied with an IRS summons and a district court order to produce handwriting exemplars, but then appealed the district court decision. This court held that it had no power to grant the taxpayer relief and dismissed the appeal. We recognized that although there still may have been a dispute between the IRS and the taxpayer regarding tax liability, the controversy surrounding the enforceability of the summons no longer existed. 658 F.2d at 533. Any relief this court could have granted at that point "would ignore the well-established rule

by the proceeding for judicial enforcement of the summons. The IRS seeks enforcement as a matter of course when a taxpayer exercises his rights under Section 7609.

2. Section 7609(b)(2) was amended in 1982 to require the taxpayer to initiate a proceeding to quash the summons to a third-party recordkeeper in order to stay compliance with the summons.

that questions of suppression should not be considered until the time when the Government seeks to use that evidence." *Id.* (footnote omitted).

The cases noted above do not involve compliance as a result of the IRS's motion to dismiss a case, but rather result from compliance after a full hearing by the trial court.[3] The principle underlying these cases nevertheless applies here. Because the IRS has the summoned documents, this case is moot unless the law allows for an exception.

■ The Tax Anti-Injunction Act expressly prohibits a taxpayer, with limited exceptions,[4] from maintaining any lawsuit to enjoin the assessment or collection of any tax. 26 U.S.C. § 7421(a) (1976). The Act has been broadly construed to prohibit courts from granting equitable relief that would have the effect of enjoining the assessment or collection of taxes, *Bleech v. United States,* 595 F.2d 462 (9th Cir.1979), and to prevent judicial intermeddling in the tax collection process. *"Americans United" Inc. v. Walters,* 477 F.2d 1169 (D.C.Cir. 1973), *rev'd on other grounds,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). The Act applies equally to a taxpayer seeking to enjoin the IRS from acquiring or using the information necessary for the IRS to determine a proper tax assessment. Unless the taxpayer falls within one of the narrow exceptions of the Act, he has no remedy. The IRS has the documents; we must determine whether the Anti-Injunction Act allows us to stop the IRS from using those documents.

The taxpayer argues that he properly secured his right to stay First Family's compliance with the summons under Section 7609 by seeking to intervene by the return date set on the rule to show cause. The taxpayer also argues that the IRS's unilateral determination that First Family was not a third-party recordkeeper cannot defeat his statutory right to intervene. To support his claim, the taxpayer relies principally on *United States v. Kemper Money Market Fund,* 704 F.2d 389 (7th Cir.1983).

■ The taxpayer's reliance is misplaced. Although Section 7609(b)(2) entitles the taxpayer to stay compliance with a summons to a third-party recordkeeper until the court issues an order enforcing the summons, the statutory right to intervene ends when the IRS obtains use or control of the documents at issue. The documents here were submitted under seal to the IRS before the court dismissed the petition November 9, but the seal was not broken. The IRS gained its control November 9 and the November 24 motion to intervene thus was too late. The *Kemper* taxpayer moved to intervene before the IRS got the summoned documents and before the court ordered their release.

■ The district court's dismissal of the case without expressly ruling on the correctness of the IRS's determination that First Family was not a third-party recordkeeper does not enlarge the taxpayer's rights under Section 7609. That section must be read in consonance with the broad construction that is given to the Tax Anti-Injunction Act. Absent a clear indication allowing remedial powers for the court

---

3. In *United States v. Ford,* 650 F.2d 1141 (9th Cir.1981), the IRS instituted a third-party summons enforcement proceeding to obtain handwriting exemplars and other testimony relating to the taxpayers' liability. The district court found sufficient evidence of the IRS's bad faith or improper purpose in conducting the proceeding and granted the government motion to dismiss with prejudice. At some point before the dismissal, the taxpayer moved to intervene in the proceeding and the district court denied that motion. On appeal the Ninth Circuit held that, because of the dismissal, the taxpayer's motion to intervene had become moot.

4. The Tax Anti-Injunction Act provides in part that:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (1976).

once the IRS obtains summoned documents, we must narrowly construe Section 7609. Moreover, the Tax Anti-Injunction Act does not exempt Section 7609 from its coverage. We should not fashion our own exception to the Anti-Injunction Act. *Cf. United States ex rel. Wisconsin v. Dean,* 729 F.2d 1100, 1106 (7th Cir.1984) ("Only in the rarest instance will a court find an exception to a statute when Congress has not directly amended that statute.").

The taxpayer only loses an opportunity he thought he had to prevent the IRS from getting his records from First Family. Because we find this appeal moot, we have no opportunity to decide whether the IRS properly determined that First Family was not a third-party recordkeeper. Our decision in no way affects the taxpayer's ability to challenge later the use of the documents the IRS received from First Family if and when the IRS seeks to challenge the taxpayer's returns for 1975 through 1982.

The issues in this appeal are moot.

APPEAL DISMISSED.