Charles CUNNINGHAM,
Plaintiff-Appellee,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al.,
Defendants-Appellants.**

No. 84–3367.

United States Court of Appeals,
Sixth Circuit.

May 9, 1985.

Publication Ordered June 25, 1985.

Patrick M. McLaughlin, argued, U.S. Atty., Cleveland, Ohio, for defendants-appellants.

Richard L. Aynes, Appellate Review Office School of Law, University of Akron, and Pamela Walker, argued, Akron, Ohio, for plaintiff-appellee.

Before CONTIE and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Defendants Federal Bureau of Investigation, et al. (hereinafter "FBI") appeal from a district court order denying the FBI's motion to vacate the district court's orders on pre-trial motions after the case had been voluntarily dismissed with prejudice on plaintiff's motion. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

On July 7, 1978, Charles Cunningham, a state prisoner, filed a complaint pursuant to the Freedom of Information Act, specifically 5 U.S.C. § 552(a)(4), against the FBI and seven other defendants seeking to compel production of documents regarding plaintiff and third persons with respect to government surveillance and investigation of the Cleveland Ujamma House. On August 26, 1978, defendants answered and alleged that the court had no jurisdiction because no documents were improperly withheld under the Act. On June 2, 1980, plaintiff moved for partial summary judgment on the ground that the defendants had failed to justify their refusal to conduct a search of third party files pursuant to plaintiff's FOIA requests. On March 18, 1981, the district court issued an order holding that subsections 7(C) and 7(F) of the Act did not apply to this case and that not enough information was available for the court to rule on the subsection 6 (5 U.S.C. § 552(b)(6)) exemption. 540 F.Supp. 1 (N.D.Ohio 1981). The court ordered that defendants produce the documents in question for *in camera* inspection. On March 10, 1983, the district court granted plaintiffs' motion for partial summary judgment, subject to some limitations, and ordered production. In response to the FBI's motions for reconsideration, the district court set up a briefing schedule to consider arguments regarding the effect of recent cases on its March 18, 1981 order.

On November 2, 1983, the FBI sought certification to appeal the court's orders of March 18, 1981, March 10, 1983, and April 14, 1983 pursuant to 28 U.S.C. § 1292(b). On January 23, 1984, plaintiff moved to dismiss the case pursuant to Fed.R.Civ.P. 41(a)(2), and on January 24, the district court dismissed the complaint with prejudice. On February 2, 1984, defendants

moved to reopen the case pursuant to Fed. R.Civ.P. 59(e) in order to vacate the district court's orders. The district court denied the FBI's motion on March 5, 1984 by endorsed order.[1]

At oral argument counsel for plaintiff argued that Cunningham is entitled to the documents that the district court ordered produced in this case. However, a dismissal with prejudice acts as an adjudication on the merits in favor of the FBI, regardless of the presence of preliminary non-final, non-appealable orders. *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir.1968). We recognize that the district court has broad discretion in imposing conditions on voluntary dismissal of a case and declined to do so here. *McLaughlin v. Cheshire*, 676 F.2d 855, 856 (D.C.Cir.1982). However, in light of Cunningham's insistence that the district court orders granting partial relief are still viable despite the dismissal with prejudice, we hold that the district court abused its discretion in refusing to vacate those orders.

Accordingly, the judgment of the district court is REVERSED and the case REMANDED for proceedings consistent with this opinion.

WELLFORD, Circuit Judge, concurring:

I concur that the judgment of the district court should be reversed and the case remanded. Although the district court's dismissal with prejudice may have rendered the previous adjudications moot, it is appropriate to vacate the district court's prior orders in this case so that "a judgment unreviewable because of mootness ... will have no legal consequences." *United States v. Cleveland Electric Illuminating Co.*, 689 F.2d 66, 68 (6th Cir.1982). There should be no question but that the district judge's prior orders in this case are vacated and of no effect.

---

1. The district court never ruled on defendants' motion for certification pursuant to 28 U.S.C. § 1292, nor did the court rule on the arguments presented in the briefs filed pursuant to the briefing schedule set up by the court.