817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The JETCOAT CORPORATION, Plaintiff-Appellant,
v.
PAINT PRODUCTS, INC.; Gececo, Inc., Defendants-Appellees.
 No. 86-3572.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Jetcoat Corporation appeals from a judgment in favor of defendants-appellees Paint Products, Inc., and GECECO, Inc., in this action alleging trademark infringement, deceptive trade practices, and unfair competition. Because we find that a case or controversy no longer exists between the parties, we vacate the judgment of the district court and remand with instructions to dismiss the action as moot.
 
 I.
 
 2
 This action involves Jetcoat's allegation that Paint Products and GECECO, its sales representatives, unlawfully used Jetcoat's mark "PROFESSIONAL," which appears on the label of Jetcoat's bituminous-based roof coatings. A & H Paint Company, Jetcoat's predecessor in interest, developed the mark "PROFESSIONAL" in 1956, believing that the mark would suggest that the product was used by professionals and would promote sales to do-it-yourselfers. Jetcoat did not, however, register the mark "PROFESSIONAL" on the Principal Register in the united States Patent and Trademark Office until 1983.
 
 
 3
 Paint Products entered the roof-coating market in 1980, using a preexisting label enhanced by the word "Professional." Jetcoat informed Paint Products that it considered Paint Products' use of the mark unlawful and, upon notification that its trademark had been registered, Jetcoat filed this action. Paint Products then discontinued its use of the word "Professional" and blocked out the word on previously existing pails of roof coating.
 
 
 4
 The district court rejected Jetcoat's claim that Paint Products' use of the word "Professional" infringed Jetcoat's registered trademark in violation of section 32 (a) (1) of the Lanham Act, 15 U.S.C. Sec. 1114(1) (a). The district court found that the mark "PROFESSIONAL" was not entitled to protection since the mark was descriptive and Jetcoat had failed to establish a secondary meaning. The district court further rejected Jetcoat's claim that Paint Products' use of the word "Professional" constituted a false or deceptive trade practice in violation of section 43 of the Lanham Act, 15 U.S.C. Sec.ll25. The district court found that the mark "PROFESSIONAL" was a relatively weak mark entitled to only limited protection and that the likelihood of consumer confusion was minimal. These findings also disposed of Jetcoat's claims alleging common-law trademark infringement and violation of Ohio's Deceptive Trade Practices Act, Ohio Rev. Code Sec.4165.02.
 
 
 5
 Following a preargument conference held on August 8, 1986, Jetcoat, Paint Products and GECECO entered into an "Agreement and Mutual Release." The Agreement provides that
 
 
 6
 the above-mentioned parties hereby extinguish their mutual rights and claims, and specifically Jetcoat dismisses, releases, and holds for naught any claims for monetary damages from Gececo and PPI arising from their dispute and differences as to any and all of the rights, duties and obligations which each has arising from a dispute concerning the trade designation "PROFESSIONAL" ... and representing the subject matter of Civil Action No. C-2-83-0596 in the United States District Court for the Southern District of Ohio, Eastern Division, and C. A. No. 86-3572 before the United States Court of Appeals for the Sixth Circuit.
 
 
 7
 The Agreement further provides that Jetcoat "Will limit, confine, and restrict its Appeal No. 86-3572 ... to the issues concerning only the validity of its trademarks and will not further pursue issues of trademark infringement or unfair competition or the issue of monetary damages, or monetary claims of any sort with respect to the above-mentioned parties." Paint Products and GECECO subsequently advised this court that they would not participate in this appeal. We believe the settlement agreement renders all issues before us moot.
 
 II.
 
 8
 "Federal Courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."[1] Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) (per curiam); see also International Union, UAW v. Dana Corp., 697 F.2d 718, 720-21 (6th Cir. 1983). Mootness is one of the doctrines reflecting the essential nature of "an on-going adversarial posture between the parties before the court." Lamonica v. S.L.E., Inc., 674 F.2d 359, 364 (5th Cir. 1982); see also 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Sec. 3530, at 308 (1984). Judicial power is not exercised in the absence of "sufficient adversary interest to stimulate the parties to a full presentation of the facts and arguments." 13 C. Wright, A. Miller & E. Cooper, supra, Sec. 3530, at 308; see also North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) .
 
 
 9
 An actual case or controversy must exist at all stages of appellate review in order to avoid mootness. See Timms v. Metropolitan School District, 722 F.2d 1310, 1314 (7th Cir. 1983); Aviation Enterprises, Inc. v. Orr, 716 F.2d 1403, 1407 (D.C. Cir. 1983) (per curiam); . Dana Corp., 697 F.2d at 720-21; Lamonica, 674 F.2d at 364. In the present appeal, the Agreement extinguished all the claims and disputes of the parties to the underlying litigation and rendered the case moot. See Dana Corp., 697 F.2d at 721; Lamonica, 674 F.2d at 364. When a case becomes moot while on appeal, the proper disposition is to vacate the district court's judgment and remand to the district court with instructions to dismiss the action as moot.[2] See, Jefferson v. Abrams, 747 F.2d 94, 96 (2d Cir. 1984); Main Line Federal Savings & Loan Association v. Tri-Kell, Inc., 721 F.2d 904, 907 n.4 (3d Cir. 1983); United States v. Cleveland Electric Illuminating Co., 689 F.2d 66, 68 (6th Cir. 1982).
 
 III.
 
 10
 Accordingly, the judgment of the district court is VACATED, and the action is REMANDED to the district court with instructions to dismiss the action as moot.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge, Northern District of Ohio, sitting by designation
 
 
 [1]
 The question of mootness must be resolved, " [a]lthough not raised by the parties, [since] this issue implicates our jurisdiction." St. Paul Fire & marine Insurance Co. v. Barry, 438 U.S. 531, 537 (1978); see also Brady v. Thurston Motor Lines, 726 F.2d 136, 146 (4th Cir. 1984), cert. denied, 469 U.S. 827 (1985)
 
 
 [2]
 This procedure ensures that the unreviewed judgment will have no collateral consequences in later proceedings. United States v. Cleveland Electric Illuminating Co., 689 F.2d 66, 68 (6th Cir. 1982); see also Aviation Enterprises, 716 F.2d at 1408