916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John B. PRESTON, Petitioner-Appellee,
v.
Michael O'DEA, Respondent-Appellant.
 No. 90-5164.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and THOMAS, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Respondent-appellant Michael O'Dea, Warden of the Roederer Farm Center in LaGrange, Kentucky, appeals the judgment of the district court granting a conditional writ of habeas corpus to petitioner-appellee John B. Preston. For the following reasons, we dismiss this appeal as moot.
 
 I.
 
 2
 John B. Preston's parole was revoked by the Kentucky Parole Board ("the Board") following a recorded parole revocation hearing held on January 11, 1988. The Board concluded that Preston violated a curfew imposed as one of the conditions of his parole, and the Board deferred his case for twelve months. In conjunction with its decision, the Board gave Preston two completed forms indicating that he was found to be in violation of parole due to a curfew violation.
 
 
 3
 Preston filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 challenging the validity of his parole revocation. The district court concluded that Preston was denied due process because the Board did not provide him a written statement of the evidence relied on and reasons for the parole revocation. The district court granted a conditional writ of habeas corpus subject to the Board's right to provide Preston another hearing within sixty days in compliance with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471 (1972).
 
 
 4
 After the district court denied the respondent's motion to alter or amend the judgment, the respondent filed a notice of appeal.[1] However, subsequent to the filing of the present appeal, the Board complied with the district court's judgment by holding a special parole revocation hearing for Preston on February 23, 1990.
 
 II.
 
 5
 The present appeal has been rendered moot by the Board's compliance with the district court's order and judgment. Mootness is a jurisdictional matter in that "the exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy." International Union v. Dana Corp., 697 F.2d 718, 720 (6th Cir.1983) (en banc). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The court may not render an advisory opinion; it is confined to 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character....' " International Union, 697 F.2d at 720 (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)).
 
 
 6
 This appeal is moot because there is no relief for this court to provide. The Board, acting through the respondent, apparently seeks judicial approval of its use of forms to provide a statement of reasons for revoking parole. However, in the absence of a "live" controversy, this court would be rendering an advisory opinion, which it cannot do. The respondent argues that this case fits within the "capable of repetition, yet evading review" exception to mootness. That exception applies only when two elements are present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). The present case does not fit this exception.
 
 
 7
 The practice at issue in this case, "unlike elections, trials, pregnancies, or public school years," is not inherently short in duration. Conyers v. Reagan, 765 F.2d 1124, 1128 (D.C.Cir.1985) (footnotes omitted). Mootness resulted in this case from the Board's own action, not from the nature of the claim. The Board caused this appeal to become moot by complying with the district court's judgment rather than seeking a stay of judgment to appeal the issue. Cf. Marino v. Vasquez, 812 F.2d 499, 503 (9th Cir.1987) (stay of judgment pending appeal where court granted conditional habeas corpus relief).
 
 
 8
 In United States v. Cleveland Electric Illuminating Co., 689 F.2d 66, 68 (6th Cir.1982) (per curiam), we held that an appeal was moot where the appellant complied with a district court order rather than appealing the district court's denial of its motion for a stay pending appeal. We observed that while the issues presented were capable of repetition, they would not necessarily evade review because legal remedies were available to the appellant to secure timely review. Id. The same reasoning applies to the present case.
 
 III.
 
 9
 Accordingly, for the reasons stated, we dismiss this appeal as moot.
 
 
 
 *
 Honorable William K. Thomas, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 At oral argument, counsel for the respondent stated that respondent's motion to stay the district court's judgment pending appeal to this court was denied by the district court. The denial of the motion to stay was not appealed