958 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re WASHINGTON MANUFACTURING COMPANY; KSA, Inc.;
Washington Industries, Inc., Debtors.
Timothy F. FINLEY, Trustee in Bankruptcy for Washington
Manufacturing Company, KSA, Inc. and Washington
Industries, Inc., Plaintiff-Appellee,
v.
HAMBELTON HILL INDUSTRIES, INC.; William R. Moore
Development, Inc.; E & W Building Venture, Francis J.
Cianciola, Jr.; George M. Klepper, III, Trustees for Sovran
Bank/Memphis, Defendants-Appellants,
John W. STAPP, IV, Trustee for BM Enterprises, LTD and
Carnation Properties Corporation, Defendant.
 No. 91-6183.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1992.
Rehearing Granted April 30, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Defendants appeal the order of the district court reversing the bankruptcy court's decision that the sale of the property in question by the debtors to the defendants was not an avoidable conveyance under Tennessee law.
 
 
 3
 Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on March 1, 1988. The Trustee brought this adversary proceeding on November 13, 1989.
 
 
 4
 In its opinion, the bankruptcy court noted "[b]y agreement of the parties, the issues tried related to the transfer of property known as the Ely & Walker building, but the insolvency issue was not tried at this time, being reserved for a later trial if necessary." J.A. 203. Similarly, defendants/appellants in their brief to this court stated, "by agreement of the parties, issues raised by this case relating to the insolvency of the debtors at the time of the conveyance at issue were not tried but were reserved for later trial if necessary." Appellants' Brief at 3. The district court made no notation that the parties had reserved an issue relating to the sale of Ely & Walker Building for "later trial if necessary."
 
 
 5
 This court has no jurisdiction to consider this appeal under 28 U.S.C. § 1291 because this is not an appeal from a final decision. A final decision is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). In this case, there is no final judgment as to the Trustee's claims arising from the sale in question because it appears that if the Trustee does not prevail on his claims of an avoidable self-interested transaction under Tennessee law, he will then attempt to set aside the sale under the insolvency issue under 11 U.S.C. § 548(a).
 
 
 6
 In fact, the parties are merely requesting an advisory opinion relating to the Trustee's present claim. This court cannot render advisory opinions. Adcock v. Firestone Tire and Rubber Co., 822 F.2d 623, 627 (6th Cir.1987); In re: Post-Newsweek Stations, Michigan, Inc., 722 F.2d 325, 328 (6th Cir.1983); International Union v. Dana Corp., 697 F.2d 718, 720 (6th Cir.1983) (en banc).
 
 
 7
 Accordingly, it is ORDERED that this appeal be DISMISSED, and that this case is REMANDED to the district court with instructions that it remand the case to the bankruptcy court for further proceedings consistent with this order.
 
 ORDER
 
 8
 (April 30, 1992)
 
 
 9
 It appearing to the court that in view of the concessions made by defendants-appellants in their petition for rehearing and the response of the plaintiff-appellee, which clearly indicate that the insolvency issue is moot although reserved by the bankruptcy court for later trial, if necessary, it is ORDERED that the petition for rehearing be and it hereby is GRANTED, and this case is restored to the docket for oral argument.
 
 
 
 *
 Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation