21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Solomon SIMMONS, Defendant-Appellant.
 No. 93-3582.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1994.
 
 1
 Before: RYAN and NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 After examining the briefs and record, the court has determined unanimously that oral argument would not materially assist the determination of this appeal. See Rule 34(a), Federal Rules of Appellate Procedure; Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Solomon Simmons appeals the district court's order revoking his supervised release and sentencing him to eight months incarceration following a narcotics trafficking conviction. Specifically, Simmons challenges the lawfulness of his incarceration and seeks immediate release from prison. On February 25, 1994, Simmons was released from prison.
 
 
 4
 Our jurisdiction "under Article III of the Constitution depends on the existence of a case or controversy." International Union v. Dana Corp., 697 F.2d 718, 720 (6th Cir.1983) (en banc ). A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969). Mootness then speaks to our jurisdiction, and we, of course, labor under a continual obligation to consider whether our jurisdiction is properly invoked. F.W. Kerr Chem. Co. v. Crandall Assoc., Inc., 815 F.2d 426, 428 (6th Cir.1987).
 
 
 5
 Typically, a criminal case is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. New York, 392 U.S. 40, 57 (1968). Consequences such as diminished employment prospects or an increased sentence in a future criminal proceeding are insufficient to keep the case alive. Lane v. Williams, 455 U.S. 624, 631-33 (1982).
 
 
 6
 Simmons now has his freedom; he has obtained the relief that he seeks in this appeal. Simply put, there is nothing we can do for Simmons; what he seeks has been done. The case is, therefore, moot.
 
 
 7
 Accordingly, the district court's order and judgment is VACATED, and the case is REMANDED to the district court with directions to dismiss for mootness. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950).
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation