**MICHIGAN BELL TELEPHONE CO., doing business as Ameritech, Plaintiff–Appellant, Cross–Appellee,**

**v.**

**John ENGLER, in his Official Capacity as Governor of the State of Michigan; David A. Svanda, in his Official Capacity as Commissioner of the Michigan Public Service Commission; Robert B. Nelson, in his Official Capacity as Commissioner of the Michigan Public Service Commission; John G. Strand, in his Official Capacity as Chairman of the Michigan Public Service Commission, Defendants–Appellees, Cross–Appellants,**

**WorldCom, Inc., Intervenor–Defendant,**

Verizon North Incorporated and Contel of the South, Incorporated, d/b/a GTE systems of Michigan, PlaintiffsAppellants, Cross–Appellees,

v.

John Engler, in his Official Capacity as Governor of the State of Michigan; David A. Svanda, in his Official Capacity as Commissioner of the Michigan Public Service Commission; Robert B. Nelson, in his Official Capacity as Commissioner of the Michigan Public Service Commission; John G. Strand, In his Official Capacity as Chairman of the Michigan Public Service Commission, Defendants–Appellees, Cross–Appellants,

WorldCom, Inc., Intervenor–Defendant,

Jennifer M. Granholm, In her Official Capacity as Attorney General of the State of Michigan, Defendant–Appellee, Cross–Appellant.

Nos. 00–2087, 00–2088, 00–2173, 00–2174.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before DAUGHTREY, Circuit Judge; and ECONOMUS, District Judge.*

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

The Honorable Nathaniel R. Jones, who was member of the original panel in this appeal, left the court effective March 31, 2002, and did not participate in the rulings on the present motions.

## ORDER

On July 13, 2001, we issued our decision in *Michigan Bell Telephone Co., d/b/a Ameritech Michigan v. Engler, et al.*, which was a consolidated appeal of two cases, *Michigan Bell Telephone v. Engler, et al.*, Nos. 00–2087, 00–2173, and *Verizon North Incorporated and Contel of the South, Incorporated, d/b/a GTE Systems of Michigan v. Engler, et al.*, Nos. 00–2088, 00–2174. The plaintiffs in these two cases had sought a preliminary injunction involving two provisions of the Michigan Telecommunications Act of 2000, MTA § 310(7) (abolishing the intrastate end-user common line charge) and § 701 (freezing telephone rates for service providers with more than 250,000 subscribers). The district court granted a preliminary injunction as to MTA § 701, but it denied the preliminary injunction as to MTA § 310(7). An appeal and a cross-appeal were filed in each case. On appeal, we affirmed the district court's order preliminarily enjoining MTA § 701 and reversed the district court denial of plaintiffs' motion for an injunction as to MTA § 310(7). We found that there was a substantial likelihood that MTA §§ 310(7) and 701 were unconstitutional because they did not adequately safeguard against confiscatory rates.

On July 27, 2001, a petition for panel rehearing was filed by defendants-appellees/cross-appellants Engler *et al.* (the state officials).

Also on July 27, 2001, an additional petition for panel rehearing was filed by intervenor-defendant WorldCom.

On October 12, 2001, we filed an order holding the petitions for rehearing in abeyance pending the outcome in *Verizon Communications, Inc., v. FCC,* 531 U.S. 1124, 121 S.Ct. 877, 148 L.Ed.2d 788 (2001) (grant of cert.), because the constitutionality of the identical federal costmethodology was at issue in *Verizon Communications.*

In *Verizon Communications,* the Supreme Court upheld the FCC cost-methodology against, *inter alia,* a Fifth Amendment takings challenge, 535 U.S. 467, 122 S.Ct. 1646, 1679–81, 152 L.Ed.2d 701 (2002). The Court rejected the argument that "cost" should include historical investment in order to avoid serious constitutional questions. Instead, the Court stated that a constitutional takings claim in a rate-making case should generally be based on an actual set rate, not on a rate-making methodology. *Id.* 122 S.Ct. at 1679 (stating that "the general rule is that any question about the constitutionality of ratesetting is raised by rates, not methods, and this means that the policy of construing a statute to avoid constitutional question where possible is presumptively out of place when construing statutes prescribing methods").

After the Supreme Court issued its decision in *Verizon Communications,* the parties in this appeal initiated a briefing schedule on the effect of that decision. However, before briefs were submitted, the parties came to a settlement agreement. Michigan Bell and the state officials signed a settlement agreement on August 26, 2002. The district court, by opinion issued December 13, 2002. approved the settlement agreement, and on December 17, 2002, entered an order dismissing the case by stipulation. Verizon and the state officials also entered into a settlement agreement. The district court, by opinion issued December 31, 2002, approved the settlement agreement and entered a final order.

On January 30, 2003, Appellant Verizon submitted what it termed a joint motion to dismiss Nos. 00–2088 and 00–2174 pursuant to Fed. R.App. P. 42(b).

Intervenor WorldCom filed a letter the next day, January 31, 2003, notifying the

court it wanted to respond to the joint motion to dismiss.

On February 10, 2003, Appellant Verizon filed to withdraw the motion to dismiss filed on January 30 as inadvertently filed without the consent of the state officials, and concurrently filed a new motion to voluntarily dismiss No. 00–2088 pursuant to Fed. R.App. P. 42(b) and to withdraw its opposition to the petition to rehear pending in No. 00–2088 and 00–2074.

On February 12, 2003, Intervenor WorldCom filed a motion to vacate our decision of July 13, 2001. WorldCom argues that it was not a party to the settlement and will continue to be adversely affected if the panel's opinion remains in effect. It states that "given that other parties have caused the underlying dispute to be mooted before the Panel has had the opportunity for rehearing, WorldCom seeks vacatur of the Panel's decision." (Mot. to Vacate at 2).

WorldCom also filed an opposition to the joint motion to dismiss. It claims that it is a party to the case but does not request dismissal of the appeals, therefore making the "joint motion" inappropriate. WorldCom wants its motion for vacatur granted before it agrees to dismiss the appeal. We note, however, that the January 30 motion was withdrawn and replaced by the February 10 motion. The February 10 motion to dismiss was a voluntary motion filed by Verizon and was not labeled a joint motion.

On February 12, 2003, Appellant Michigan Bell filed a motion to dismiss pursuant to Fed. R.App. P. 42(b) in No. 00–2087. The motion also states, "The settlement, moreover, moots the Defendants' Cross–Appeal (No. 00–2173) as to aspects of the district court's preliminary injunction decision as well." (Mot. to Dismiss at 2)

On February 18, 2003, Intervenor WorldCom filed a response in opposition to the motion to dismiss No. 00–2087 filed on February 12 by Michigan Bell. WorldCom claims that it is a party to the case but does not request dismissal and, therefore, that dismissal at this time is inappropriate. WorldCom reiterates that it wants its motion for vacatur granted before it agrees to dismiss the case.

On February 21, 2003, the state officials filed a response in opposition to Michigan Bell's motion to dismiss No. 00–2087. They argue that Michigan Bell should have moved to dismiss its appeal (No. 00–2087) without suggesting dismissal of the state officials' cross-appeal (No. 00–2173), concerning which they claim to have a pending petition for rehearing. The state officials do not believe the settlement moots their cross-appeal, and they argue that the existence of our July 2001 opinion represents precedent that could erroneously be relied upon by future litigants. Thus, they contend, the opinion is within the "capable of repetition, yet evading review" exception to the general rule that a settlement renders a case moot.

On February 24, 2003, the state officials filed a response to Intervenor WorldCom's motion to vacate. They argue that WorldCom is not bound by a decision over which it cannot obtain review because the state officials have a petition for rehearing pending. They state that if this court grants their pending motion for rehearing, WorldCom will not be harmed in the future by our decision. They want us to grant their motion for rehearing and deny the motion to vacate. However, they also indicate that if we were to deny the state officials' petition for rehearing, then they would support WorldCom's motion to vacate.

On February 28, 2003, Plaintiffs Verizon and Michigan Bell each filed a response in opposition to Intervenor WorldCom's motion to vacate. They both argue that WorldCom does not have standing to pur-

sue vacatur in this court and that the Supreme Court decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), prohibits vacatur of an adjudicated opinion where mootness occurs because the parties have settled the case and have foregone further appeal.

On March 3, 2003, appellant Michigan Bell filed a reply in support of the motion to dismiss pursuant to Fed. R.App. P. 42(b). It contends simply that the case is moot and, therefore, that the state officials' petition for rehearing, which they do not oppose, is also moot.

On March 6, 2003, WorldCom filed a response in support of its motion to vacate. WorldCom believes the arguments raised against its motion, namely that WorldCom lacks standing and does not have a sufficient interest in the outcome, are misguided. WorldCom believes it should not be forced to acquiesce to the judgment when it did not cause the case to become moot.

## ANALYSIS

### State Officials' Petition for Rehearing

The state officials believe that their petition for rehearing is still pending and is not affected by the settlements approved by the district court. They point out that both Verizon and Michigan Bell have withdrawn their opposition to the petition for rehearing.

Although the case is settled, the state officials argue that the dispute is not settled and that their cross-appeal, and the petition for rehearing based on that cross-appeal, are not moot. They believe that our opinion falls within the "capable of repetition, yet evading review" exception to the general rule that settlement of a case renders further appeals moot, citing *Guy Anthony Aubrey v. City of Cincinnati*, 1995 WL 521159 (6th Cir.1995) (unpublished opinion merely summarizing the holding of *International Union v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir.1983)).

We cannot reach the merits of the petition for rehearing unless we find that the parties' settlement agreement did *not* render the case moot, given that the law provides "[g]enerally, [that] the settlement of a dispute between the parties does render the case moot." *Int'l Union v. Dana Corp.*, 697 F.2d 718, 721 (6th Cir.1983) (en banc). There are two exceptions to this rule: first, instances in which only some of multiple issues in a case are resolved by the settlement, and second, when the situation is "capable of repetition, yet evading review." *Id.* (*citing University of Texas v. Camenisch*, 451 U.S. 390, 394, 101 S.Ct. 1830, 68 L.Ed.2d 175; *Globe Newspaper v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982)). The state officials argue that the court should rule on their petition for rehearing because it falls within the second exception.

■ We disagree, and we conclude that the case is moot. As pointed out in *Dana Corp.*, the "capable of repetition, yet evading review" exception is narrow and includes only cases "in which the challenged conduct is of such short duration that it ceases before review is possible," such as *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (pregnancy ending before review available), and cases "in which there is a reasonable likelihood that the same complainant will be subject to the same conduct again," such as *Globe Newspapers v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) (state law excluding press from trials where juvenile is complaining witness for sex crime). *Dana Corp.*, 697 F.2d at 723. The state officials have presented us with no argument as to why they should be included in this narrow exception, and we have discovered none on our own. We

therefore conclude that the parties' settlement agreements moot the petition for rehearing.

This is so because we lack jurisdiction to decide questions that cannot affect the litigants before us. Because of the settlement agreements in this case, there is no longer any issue regarding the appropriateness of the preliminary injunction. It would be meaningless for us now to decide to rehear a case about whether preliminary injunctive relief is proper when reviewing the propriety of the injunction can no longer have any effect on the parties.

**WorldCom's Motion to Vacate**

WorldCom argued in its petition to rehear filed on July 27, 2001, that our decision rested on a misunderstanding of the cost methodologies at issue. It appears to have abandoned the request to rehear and is instead seeking vacatur. The motion to vacate basically argues that (1) the Supreme Court decision in *Verizon Communications* calls our decision into question, and (2) the settlement between Michigan Bell, Verizon, and the state officials, which mooted the underlying dispute between the parties, leaves WorldCom bound by a decision over which it cannot obtain review. It claims that principles of equity dictate that the opinion be vacated because it rests on a misapprehension of fact and law.

WorldCom relies on *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), in arguing that vacatur is appropriate in this case. In response, Verizon and Michigan Bell argue that WorldCom lacks standing to seek vacatur, and they rely on *Bonner Mall* in arguing that the circumstances of this case do not justify such a disposition. In that case, the Supreme Court held that if a case becomes moot while awaiting appellate review, the court of appeals may not consider its merits but "may make such disposition of the whole case as justice may require." *Id.* at 21 (quotation omitted). By contrast, when a case becomes moot by "happenstance" or the "vagaries of circumstance," rather than the voluntary action of the parties, vacatur may be appropriate. *Id.* at 23–25. The Court specifically stated that "[w]here mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.* at 25. When a settlement agreement leads to mootness on appeal, vacatur is permitted only in exceptional circumstances, when equity obviously requires such a disposition. *Id.* at 29.

■ In this case, as WorldCom notes, it was not a party to the settlement. However, the parties involved with the appeal *all* chose to settle the case. Thus, the controversy did not become moot due to circumstances unattributable to any of the parties appealing the judgment below. Rather, the controversy ended when the appealing parties declined to pursue further review of the case. In such circumstances, we conclude that vacatur is inappropriate. *See Karcher v. May*, 484 U.S. 72, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987) (finding vacatur inappropriate when the losing party declines to pursue its appeal). Further, WorldCom has not demonstrated that this case presents exceptional circumstances justifying vacatur. Quite to the contrary, (1) WorldCom's original motion to intervene was not even based on the statutory provisions discussed in the panel opinion; (2) WorldCom was not involved with any appeal from the district court opinion; and (3) granting WorldCom's motion to vacate would lead to a bizarre result in which the parties to the settlement are precluded from seeking vacatur under *Bonner Mall*,

but a mere intervenor somehow retains more extensive rights than any of the original parties to seek vacatur of an opinion with which it disagrees.

To the extent WorldCom's argument is based on its belief that our opinion has been called into question by *Verizon Communications,* future litigants may argue about the effect of *Verizon Communication* on that decision. In *Bonner Mall,* the Supreme Court stated that "[i]t seems to us inappropriate, however, to vacate mooted cases, in which we have no constitutional power to decide the merits, on the basis of assumptions about the merits." 513 U.S. at 27. WorldCom's motion is based on just such an assumption about the merits of our decision.

The Supreme Court in *Bonner Mall* also indicated that a court should consider the public interest in deciding whether to grant a claim for the equitable relief of vacatur. 513 U.S. at 26–27. WorldCom presents no argument as to why it is in the public interest to vacate the panel decision.

Finally, we note that Verizon and Michigan Bell raise the argument that WorldCom lacks standing to seek vacatur because it would lack Article III standing to pursue an appeal. WorldCom responds that while it would need standing to pursue an appeal, it does not need standing to seek vacatur, because we can simply dispose of the case as justice may require, in this case by vacating our opinion. Although it appears that Verizon and Michigan Bell have the better argument on this point of law, we find it unnecessary to address the issue. The state officials, who have standing to seek vacatur (though they are not entitled to it under *Bonner Mall*), have indicated that if their request for rehearing was denied, they would join seek vacatur as an alternative.

## Verizon's and Michigan Bell's Motions to Dismiss

Both Verizon and Michigan Bell filed voluntary motions to dismiss their appeals (Nos. 00–2088 and 00–2087, respectively) pursuant to Fed. R.App. P. 42(b). WorldCom argues that Rule 42 allows an appeal to be dismissed only when the parties have filed a signed dismissal order, and that WorldCom is a party to the case but did not sign the filed dismissal order. WorldCom sets forth no case law or other support for its argument.

Federal Rule of Appellate Procedure 42(b) states:

> **Dismissal in the Court of Appeals.** The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

Fed. R.App. P. 42(b).

We find no impediment in Rule 42 to our dismissal of the consolidated appeal. Although WorldCom was an intervenor-defendant below, it was not a party to that appeal. Hence, there would be no requirement that it sign a motion to dismiss before an order of dismissal could be entered.

## CONCLUSION

For the reasons set out above, we DENY the petition for rehearing filed by the state officials as moot; DENY the motion to vacate filed by WorldCom; and GRANT Michigan Bell's and Verizon's motions for voluntary dismissal of their appeal