**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2234**

MID-ATLANTIC EXPRESS, LLC, a Delaware LLC,

Plaintiff - Appellee,

v.

BALTIMORE COUNTY, MARYLAND,

Defendant – Appellant,

and

CHAPOLINI ASSOCIATES; 2010 RESERVIOR ROAD INVESTORS, LLC; QUAD PARTNERS LIMITED PARTNERSHIP; DUNDALK OPTIMIST FOUNDATION, INCORPORATED; STATE OF MARYLAND STATE ROADS; ANTHONY SZLACHETKA, JR.; GEORGE T. WISE, III; HARRY RUDO; SHIRLEY M. RUDO; OAK GROVE APARTMENTS ASSOCIATION, LLC; MICHAEL J. FLORIAN; PHYLLIS JANE FLORIAN; KIMBERLY RICHTER; HAWKINS MANOR, LLC; MARY M. BENIK; ANNA BROCKMEYER; MARTHA B. FRAZIER; WILLIAM J. GORGE; LEONARD W. MAUNES; ROBERT HOLTHAUS; RONNIE DIETZ; PATRICIA DIETZ; DENNIS PARKER; HELEN PARKER; GEORGE A. NELSON, JR.; PATRICIA C. HANLEY; WILLIAM G. VON PARIS; MARY C. VON PARIS; WAYNE JAMES; CAROLINE J. SEAMON; SUSAN J. CLARKE; ANDREW J. BAUER; LORRAINE BAUER; WILLIAM D. CLARK; MAUREEN R. CLARK; ANTHONY PASZKIEWICZ; ANN PASZKIEWICZ; DANIEL DAVID DRAPINSKI; KATHLEEN DRAPINSKI; ANDREW C. HUTTON; ROY WISNIEWSKI; KYUNG WISNIEWSKI; KAMAL M. IBRAHIM; KATHERINE MULDOON IBRAHIM; MARCIA ZBIKOWSKI; JOEL ZBIKOWSKI; RALPH ALLEN; LINDA ALLEN; LINDA R. WARFIELD; KEVIN REEVES; LAURIE REEVES; JOSEPH FICO, et al.; MICHAEL HARRINGTON; BONNIE HARRINGTON; LLOYD MARTIN ST OURS; CHRISTINE LOUISE ST OURS; LARRY D. KEEFER; GEORGIA L. KEEFER; JOHN H. SWAM; DONNA K. SWAN; RICHARD GORDON; JOANNE GORDON; HENRY A. FUGGI, JR.; DIXIE LEE FUGGI; HARDY MANAGEMENT CO. LLC; DAVID WEAVER WARFIELD; WILLOWBROOK PARTNERS LLC; PAUL M. WILKINSON; ELYSE S. WILKINSON; RAYMOND

E. WHEELER; ELLEN J. WHEELER; DANIEL ZORN; KRISTA ZORN; BRUCE BRETON; ANGELA BRETON,

Defendants.

––––––––––

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cv-02386-CCB)

––––––––––

Submitted: December 10, 2010          Decided: January 7, 2011

––––––––––

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

––––––––––

Vacated and remanded by unpublished per curiam opinion.

––––––––––

John E. Beverungen, County Attorney, James J. Nolan, Jr., Assistant County Attorney, Towson, Maryland, for Appellant. Jerrold A. Thrope, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, Maryland, for Appellee.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baltimore County, Maryland ("Baltimore County") seeks to appeal the district court's order granting a preliminary injunction to Mid-Atlantic Express, LLC ("Mid-Atlantic") for pre-acquisition entry into certain county properties and residences along a proposed liquid natural gas pipeline route. Mid-Atlantic sought entry in order to complete certain surveys for submission to the Federal Energy Regulatory Commission ("FERC") for final project approval. During the pendency of this appeal, Mid-Atlantic completed the surveys and voluntarily dismissed the action. Mid-Atlantic has now moved to dismiss Baltimore County's appeal. After we deferred action on the motion to dismiss, Mid-Atlantic represented to the court that it would neither file a brief nor attend oral argument. For the reasons that follow, we deny the motion to dismiss, vacate the district court's judgment, and remand for further proceedings.

I.   Motion to Dismiss

Mid-Atlantic argues that because it has dismissed its complaint in the district court and because it has completed the survey work that was at issue, the controversy presented in this case is no longer live. Baltimore County responds that the controversy remains extant because of the injunction bond Mid-

3

Atlantic posted and because of the "capable of repetition, yet evading review" exception to the mootness doctrine

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" Id. (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). Because the requirement for a live case or controversy exists through all stages of the proceedings, "litigation may become moot during the pendency of an appeal." Id. (internal quotation marks and citation omitted).

Baltimore County first argues that under Fed. R. Civ. P. 65.1, it is entitled to seek damages under the $50,000 injunction bond filed by Mid-Atlantic. Baltimore County cites Groupo Mexicano v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999), for the proposition that an otherwise moot controversy may be live if a party has a claim against a Rule 65.1 injunction bond. Other cases, however, note that the mere possibility of recovery on an injunction bond is not sufficient to render an otherwise moot case ripe for appeal. See, e.g.,

4

<u>Am. Can Co. v. Mansukhani</u>, 742 F.2d 314, 320 (7th Cir. 1984) ("If it were highly unlikely that defendants would seek to recover on American Can's injunction bonds, the existence of these bonds would not prevent the controversy from becoming moot."); <u>International Union v. Dana Corp.</u>, 697 F.2d 718, 721-22 (6th Cir. 1983) (en banc) (injunction bond did not preserve issue where defendant had agreed not to seek recovery on bond).

Here, the parties have not indicated whether the surveys caused any damage to any properties, or whether any claims against the bond have been or will be made. Accordingly, we decline to rule on this issue because we are not in a position to determine with any certainty whether the existence of an injunction bond renders this a "live" controversy.

Baltimore County next argues that this case remains viable under the exception to the mootness doctrine that permits the court to consider disputes that, although moot, are "capable of repetition, yet evading review." <u>Fed. Election Comm'n v. Wis. Right to Life, Inc.</u>, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). The exception is limited to the "exceptional situation[]." <u>Incumaa v. Ozmint</u>, 507 F.3d 281, 289 (4th Cir. 2007) (quoting <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983)). "[I]n the absence of a class action, the 'capable of repetition, yet evading review' doctrine [is] limited to the situation where two elements combined: (1) the challenged

5

action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

The Supreme Court recently stated that "[t]he second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability that 'the same controversy will recur involving the same complaining party.'" Fed. Election Comm'n, 551 U.S. at 462. In district court, Mid-Atlantic represented that it might perform further surveys in connection with the construction of this pipeline. In arguing its motion to dismiss, Mid-Atlantic claims that this concession is not sufficient to keep this controversy alive. In light of the obvious fact that Mid-Atlantic can complete surveys of this type in a short enough time to evade our review, and in light of Mid-Atlantic's representations in the record, we conclude that this case does fall into an exception to the mootness doctrine; accordingly, we deny the motion to dismiss as moot.

## II. Preliminary Injunction

Turning to the merits of this case, Baltimore County argues that the district court erred in three respects: first,

it lacked subject matter jurisdiction to issue the injunction; second, it erred in granting the injunction because Mid-Atlantic did not satisfy the elements for issuance of an injunction; and third, that Mid-Atlantic failed to exhaust its administrative remedies with the FERC.   Mid-Atlantic has elected not to respond.

If the district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).   When the district court lacks jurisdiction, this court has jurisdiction over the appeal "not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit."   Arizonans for Official English v. Arizona, 520 U.S. 43, 73 (1997).

Mid-Atlantic bears the burden of demonstrating the existence of subject matter jurisdiction over its claims.   See Piney Run Pres. Ass'n v. County Comm'rs, 523 F.3d 453, 459 (4th Cir. 2008).   Federal question jurisdiction is based on actions "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331 (2006).   However, "[t]he mere assertion of a federal claim" does not confer subject matter jurisdiction under § 1331.   Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).   Instead, the plaintiff is required to

7

allege a substantial federal claim. Id. (citing Hagans v. Lavine, 415 U.S. 528, 536 (1974)).

In the district court, Mid-Atlantic indicated that it brought the action for an injunction on the basis of the Natural Gas Act ("NGA"), 15 U.S.C. § 717 (2006). The pertinent provision of the NGA states:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h) (emphasis added). Baltimore County notes that in this case, Mid-Atlantic did not bring an action "to acquire" rights "by the exercise of eminent domain." In fact, though Mid-Atlantic represented that it had condemnation authority in district court, the FERC certificate upon which it relied contained significant restrictions on its ability to

8

condemn property in furtherance of the construction of the pipeline. Environmental Condition 55 of the certificate stated that "Mid-Atlantic shall not exercise eminent domain authority granted under [the Natural Gas Act] section 7(h) to acquire permanent rights-of-way on [residential] properties until the required site specific residential construction plans have been reviewed and approved in writing by the Director of [the Office of Energy Projects ("OEP")]." Recognizing the significance of Condition 55, Mid-Atlantic sought clarification from the FERC, stating "[t]he limitation on using eminent domain authority . . . in Condition No. 55 appears to preclude Mid-Atlantic Express from exercising eminent domain authority to gain access to site-specific plans, unless that exercise of the authority takes some form other than seeking a permanent right-of-way." At the time the district court heard the complaint, the clarification motion was pending with the FERC.

In E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808 (4th Cir. 2004), we held that "once a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." Sage, 361 F.3d at 828. Baltimore County notes that although the district court's preliminary injunction order does contain a finding that Mid-Atlantic is the

holder of a FERC Certificate of Public Convenience and Necessity, it fails to find that the Certificate grants condemnation authority to Mid-Atlantic. Indeed, in light of Condition 55, we conclude that Mid-Atlantic did not have the authority to condemn property, and accordingly, the district court was without jurisdiction to enter the preliminary injunction.

Accordingly, we deny the motion to dismiss, vacate the district court's judgment, and remand with instructions to dismiss for lack of subject matter jurisdiction. In light of this disposition we do not address Baltimore County's remaining challenges to the preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>